STATE *ex rel.* ADAMS, State's Att'y, *et al.* v. HERREID *et al.*

Under Comp. Laws, § 4650, providing that an injunction shall not be granted to prevent the exercise of a public office in a lawful manner by the person in possession, in an action to determine title to office defendants will not be restrained from exercising control pending litigation, where they have *prima facie* title, and injury to the state is not apparent.

(Opinion filed May 10, 1897.)

Action original in this court to determine title to the office of regent of education. Application of plaintiffs for order restraining defendants from exercising control of office pending litigation. Denied.

The facts are stated in the opinion.

*Ezra Adams*, State's Attorney, and *Cheever & Hall*, for plaintiffs.

*Melvin Grigsby*, Attorney General, *Horner & Stewart, T. H. Null* and *George Rice*, for defendants.

HANEY, J.    The object of this original action is to ascertain whether certain persons joined with the state as plaintiffs, or the defendants, have authority to control the various educational institutions of this state. The authority of the former is derived from appointments under Chap. 6, Laws 1890; that of the latter, from appointments under an act of the legislature approved March 5, 1897. The final determination of the controversy will evidently involve the validity of proceedings taken to amend the constitution. The action of the legislature is shown by a joint resolution published as Chap. 36, Laws 1895. Counsel for plaintiffs contend that the changes therein proposed have not become part of the constitution, for the following reasons: (1) Such amendment was not entered upon the journal of the house of representatives; (2) it was not printed upon each ticket on the ballots cast at the next general election; (3) it was not submitted by the legislature to the vote

of the people; (4) the title of the resolution does not truly express its subject; and (5) the amendment was not published as required by law.

A copy of the official ballot is attached to the complaint, from which it appears that the contemplated changes were submitted in such manner that the electors could not vote for or against each one separately. The constitution provides that "if more than one amendment be submitted, they shall be submitted in such manner that the people may vote for or against such amendments separately." Const. Art. 23, Sec. 1. Although the apparent disregard of this meritorious and mandatory requirement is not specified in the complaint, it will be the duty of the court to consider it upon the final determination of this action. Then the question—one of law—will be whether the alleged amendment or amendments constitute a part of the constitution. The answer to such question cannot be controlled alone by a consideration of the objections specified in the complaint or mentioned in argument. The rule is elementary that a party should not plead the law of the forum, and that the courts of any state must take judicial notice of the contents of its constitution.

As the only matter now before the court is plaintiffs' application for an order restraining defendants from exercising control of the state educational institutions pending this litigation, and as the question of more than one amendment having been improperly submitted was not argued by counsel upon the hearing of such application, a decision upon the validity of the proceedings taken to amend the constitution will not be rendered at this time.

The general rule is that injunctional orders should not be issued in actions of this character. Comp. Laws, § 4650; High. Inj. § 1312; People v. Draper, 24 Barb. 265. It is possible that circumstances might arise which would warrant a court in doing so, but they are not shown to exist in this case. It must be presumed, if defendants assume to act during the pendency

of this litigation, that they will properly perform their official duties, with due regard for the exceptional situation in which they will be placed. Therefore injury to the state cannot be anticipated, without which it is not entitled to an order of injunction. Comp. Laws, § 4985. As the other plaintiffs can be injured, if at all, only by the loss of fees or emoluments belonging to the office, the remedy of arrest and bail affords them ample protection, and seems to be the only provisional remedy to which they are entitled; Comp. Laws, § 5350. Again, it is well settled that one having the *prima facie* title to an office is entitled to possession pending an investigation of his right to it, and it is far from certain that defendants have not the *prima facie* title at this time.

The court is deeply sensible of the complications which might result from inconsiderate action on the part of either of these rival boards, and, without intending to prejudge the merits of the controversy, deems it proper to suggest that the validity of the alleged amendment or amendments is, to say the least, extremely doubtful; that the welfare of our state educational institutions is of far greater importance than the right of any individual to temporarily perform the duties of regent; that this litigation can and should be speedily concluded; and that in the meantime all unnecessary official action should be deferred. The application of plaintiffs for a restraining order is denied and the meantime order heretofore issued is vacated and set aside.